KTF:BW/ADR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JAMEL CLARKE[1],
█████████,
DWAYNE HARRIS,
PHEOD KHAN,
RAYON LOVETT,
OWEN WELCH and
RONALD WELCH,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X
EASTERN DISTRICT OF NEW YORK, SS:

**TO BE FILED UNDER SEAL**

**AMENDED COMPLAINT AND
AFFIDAVIT IN SUPPORT OF
APPLICATION FOR ARREST
WARRANTS**

(18 U.S.C. § 371, 21 U.S.C.
§§ 841 and 846)

   CANDICE HENRY, being duly sworn, deposes and states that he is a Special

Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed

according to law and acting as such.

   In or about and between September 2021 and the present, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JAMEL CLARKE ("Clarke"), DWAYNE HARRIS ("D. Harris"), RAYON

LOVETT ("Lovett"), OWEN WELCH ("O. Welch") and RONALD WELCH ("R. Welch"),

together with others, not being licensed importers, licensed manufacturers or licensed dealers in

firearms, did knowingly and willfully conspire to and engage in the business of dealing in

---

 [1] The original version of this complaint mistakenly referred to the defendant known to be
Jamel Clarke as ████████.  Upon the arrest of Jamel Clarke, law enforcement confirmed
that he is the person described throughout this complaint and previously referred to as ████
████.

firearms, contrary to Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants Clarke, D. Harris, Lovett, O. Welch and R. Welch, together with others, committed and caused to be committed overt acts as described herein.

(Title 18, United States Code, Section 371)

In or about and between September 2021 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████, D. Harris and PHEOD KHAN ("Khan"), together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 and 846.

(Title 21, United States Code, Sections 841 and 846)

The source of your deponent's information and the grounds for his belief are as follows:[2]

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been for approximately eight years.   I am presently assigned to the New York Group IV Office.   As such, I am a "federal law enforcement officer" within the

---

[2]   Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

meaning of the Federal Rule of Criminal Procedure 41(a)(2)(C).   As a Special Agent, I have participated in numerous investigations involving narcotics and illegal firearms.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.   Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.     Since September 2021 and through the present, ATF and the New York City Police Department ("NYPD") have been investigating the unlawful trafficking of firearms by the defendants Clarke, D. Harris, Lovett, O. Welch and R. Welch, and the unlawful trafficking of narcotics by the defendants Clarke, ███████, D. Harris, Khan and Lovett. During this period, an undercover NYPD officer (the "UC"), the identity of whom is known to your affiant, has purchased numerous firearms from Clarke, D. Harris, Lovett, O. Welch and R. Welch and hundreds of grams of crack cocaine from Clarke, ███████, D. Harris, Khan and Lovett.   None of the defendants is a licensed importer, manufacturer or dealer of firearms.

3.     On or about September 17, 2021, the UC contacted D. Harris via phone and discussed purchasing a firearm.   At approximately 5:15 p.m. that same day, D. Harris met the UC in the UC's vehicle, told the UC that they needed to pick up the firearm from his associate and directed the UC to 142 St. Pauls Place in Brooklyn.   Once there, the UC observed D. Harris signal to an associate who was later identified as Lovett, who then entered a building in the vicinity of 142 St Pauls Place.   At approximately 5:30 p.m. that same day, Lovett returned to the UC's vehicle and gave the UC a black bag, inside of which was a Taurus G2C 9 mm pistol

3

with a defaced serial number and six rounds of ammunition.   In exchange for the firearm and

ammunition, the UC paid D. Harris $1,200 in cash.

4.     On multiple other occasions, the UC purchased firearms from Lovett and

associates of Lovett's.   Specifically, on or about February 11, 2022, the UC contacted Lovett

and discussed purchasing a firearm.   At approximately 4:10 p.m. that same day, Lovett met the

UC in the UC's vehicle.   Once inside the vehicle, Lovett called an associate and told the UC to

drive towards the intersection of Erasmus Street and Lloyd Street in Brooklyn.   Once there, the

associate, who was later identified as O. Welch, entered the UC's vehicle and sold the UC a

SCCY 9 mm pistol with serial number C232174 and a Wilson Combat rifle with serial number

WCA21318.   In exchange for the firearms, the UC gave Lovett $4,400 in cash, which Lovett

gave to O. Welch.   Similarly, on or about February 23, 2022, the UC contacted Lovett and

discussed purchasing a firearm.   At approximately 7:35 p.m. that same day, Lovett approached

the UC's vehicle and told him that Welch's brother, later identified as R. Welch, was nearby and

requested money from the UC in exchange for firearms.   The UC gave Lovett $2,900 in cash

and observed Lovett walk to an unknown location.   Shortly thereafter, Lovett returned and

entered the UC's vehicle, where he gave the UC a plastic bag with a box, containing two Smith

& Wesson 9 mm pistols, with serial numbers FDN3234 and NFJ6700.

5.     On or about June 15, 2022, R. Welch sent a confidential witness ("CW-

1"), whose identity is known to your affiant, several photographs of firearms by text message

and told CW-1 that he was looking to sell the firearms quickly.[3]   Also on June 15, 2022, the UC

---

[3]   On ██████████████, CW-1 was arrested for conduct involving ██████████████
██████████████.   CW-1 provided the above information to law enforcement hoping to

contacted Lovett and discussed purchasing additional firearms.   At approximately 7:25 p.m. that day, Lovett met the UC in the UC's vehicle at the corner of Nostrand Avenue and Church Avenue in Brooklyn and together they drove to the corner of Snyder Avenue and Church Avenue.   At that location, O. Welch entered the UC's vehicle and handed the UC a bag with two firearms inside of it: a tan KelTec KS7 shotgun and a black AR-15-style firearm, each consistent with firearms in photographs sent from R. Welch to CW-1 earlier that day.   In exchange for the firearms, the UC handed O. Welch $7,100 in cash.

6.      In addition to the purchase of firearms from Lovett, the UC has also purchased narcotics from Lovett and Lovett's associate, Clarke.   On or about December 21, 2021, the UC contacted Lovett and discussed purchasing narcotics.   At approximately 5:25 p.m. that same day, Lovett met the UC outside of 142 St. Pauls Place and told the UC that he was going to introduce him to his associate.   At approximately 5:30 p.m. that same day, Clarke entered the UC's vehicle and gave the UC approximately 17 grams of crack cocaine.   In exchange, the UC paid Clarke $850 in cash and Lovett $50 in cash.

7.      In addition, the UC has also purchased firearms from Clarke.   On or about May 25, 2022, the UC contacted Clarke and discussed purchasing narcotics and firearms.   That day, the UC met Clarke in front of 156 East 21st Street in Brooklyn and Clarke sold the UC a

---

receive leniency in connection with that conduct.   CW-1's information has been corroborated by other evidence obtained in ATF's investigation.   CW-1 has previously been convicted of ██████████████ offenses.   He has also previously provided information to law enforcement on a voluntary basis.

Taurus 9 mm pistol with serial number ABJ917593 and a Smith & Wesson .38 caliber revolver with serial number D921372 for $2,700.

       8.    In addition, the UC has also purchased narcotics from D. Harris, ████ and Khan.   On or about October 1, 2021, the UC contacted D. Harris and discussed purchasing narcotics.   At approximately 1:15 p.m. that same day, the UC met D. Harris at or around 591 Ocean Avenue in Brooklyn, New York and D. Harris entered the front passenger side of the UC's vehicle.   Shortly thereafter, ████ arrived and entered the rear passenger side of the UC's vehicle.   ████ handed the UC a single package containing approximately 10 grams of crack cocaine.   In exchange, the UC handed ████ $400 in cash and handed D. Harris $100 in cash.

       9.    On or about November 18, 2021, the UC contacted ████ and discussed purchasing narcotics.   ████ instructed the UC to go to 114-38 Sutter Avenue in Queens, New York, and told him to look for an individual in a black Cadillac.   At approximately 4:35 p.m., the UC encountered a black Cadillac at or around that location and recognized Khan inside of it.   The UC entered the vehicle from the front passenger side.   Khan handed the UC a single package containing approximately 100 grams of crack cocaine.   In exchange, the UC handed Khan $3,600 in cash.

       WHEREFORE, based on the foregoing, I respectfully request that arrest warrants for the defendants JAMEL CLARKE, ████, DWAYNE HARRIS, PHEOD KHAN, RAYON LOVETT, OWEN WELCH and RONALD WELCH be issued so that they may be dealt with according to law.

It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the Affidavit and Arrest Warrants.   I believe that sealing these documents is necessary because they are relevant to an ongoing criminal investigation, which is not public at this time.   Premature disclosure of the contents of this Affidavit and the related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness, and could result in a risk of flight by the defendants.

*Candice Henry*

CANDICE HENRY
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to before me by telephone this
_28th day of June, 2022

*S/ Roanne L. Mann*

THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

7